The Honorable, the Judges of the United States Court of Appeals for the 4th Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the 4th Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. The Honorable, the Judges of the United States Court of Appeals for the 4th Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. The Honorable, the Judges of the United States Court of Appeals for the 4th Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. There are two topics I'd like to talk about. First, Mr. Fallin is entitled to Section 2255 relief. And second, Mr. Fallin is not a career offender under the United States sentencing guidelines. Mr. Fallin challenges under Section 2255 because his sentence contains a fundamental defect which results in a complete miscarriage of justice. This fundamental defect was the District Court's failure to properly apply the categorical approach in determining whether or not Mr. Fallin was a career offender. Although this Court's prior precedent in foot states that a mere challenge to the wrongful classification as a career offender does not constitute a fundamental defect, this has been superseded by a United States v. Davis Supreme Court case. Does Davis involve the sentencing guidelines? No, Your Honor. It involves 18 U.S.C. Section 924C. The language at issue was the identical language between the two. But isn't there authority that the sentencing guidelines are not controlled in the same way as the statute? United States v. Beckles tells us that a vagueness challenge is precluded, but this does not make the United States sentencing guidelines completely immune from constitutional scrutiny. And United States v. Davis tells us that two constitutional principles are implicated, procedural due process and separation of powers. And this leads to an issue of a constitutional dimension. So explain to us what due process challenge, other than vagueness, that Davis creates that is applicable to the career offender designation under the guidelines? Specifically, United States v. Davis puts a finer point on a preexisting rule of criminal procedural due process. And this procedure was laid out in United States v. Taylor, which is the categorical approach. United States v. Davis continues to put a finer point and rehash this categorical approach. And if the categorical approach had been correctly applied by the District Court, Mr. Fowle would have not been wrongly classified as a career offender. Due process itself is implicated by the fact, as we know from United States v. Davis, that the failure to use the categorical approach would lead to a lone judge interpreting what a crime of violence is different from the next court and the next court. And this implicates the right of an ordinary person to have fair notice of the laws that they'll be sentenced under. But I had read Beckles as telling us that, in the views of the Supreme Court, the sentencing guidelines, with exactly the same language as a federal statute, are to be treated differently. United States v. Beckles certainly tells us that the sentencing guidelines are different than statutes and should be treated differently, but it's limited specifically only to vagueness challenges. And Mr. Fowle does not bring a vagueness challenge, he brings a procedural due process challenge. So, regarding Davis, tell me what it is, do you read that the court says to reject the ordinary case categorical approach to any of the analysis of the residual clause? United States v. Davis outright rejects the ordinary case categorical approach and accepts only the categorical approach where you weigh the elements of the targeted offense against the general conspiracy offense. So, in United States v. Davis, you have the Supreme Court dealing with three different approaches. You have the case-specific approach, the ordinary case categorical approach, and the categorical approach itself. The ordinary case categorical approach and the case-specific were found to not meet the constitutional demands, specifically because it would require a judge to conjure up what they believe an ordinary case would be. And that implicates the same issues of fair notice and separation of powers. Separation of powers is implicated because this definition, this crime of violence definition, is repeated 12 times throughout United States code and the sentencing guidelines. It has a very particular meaning set out by Congress. And separation of powers is implicated because having a judge arrive at a certain definition for separation of powers in one statute and then it means a different thing in another statute, despite the identical language, would go contrary to Congress' intention. Congress' intention is even more on point given its 2008 bipartisan First Step Act that shows a decades-long change away from retribution and towards rehabilitation. I'd like to now talk about the fundamental defect and specifically the miscarriage of justice for Mr. Fallon. Before you do, tell me, as a crime of violence, if we use the ordinary case categorical approach, would this 2012 conspiracy charge conviction constitute a crime of violence? Respectfully, Your Honor, this court's precedent in McCollum tells us that we use the regular categorical approach rather than the ordinary case categorical approach. But answer my question. If we did use it? Would it qualify? No, Your Honor, it would not. I'd like to talk about the implications of the miscarriage of justice. Mr. Fallon was classified as a career offender, which increased his advisory range by nearly 70 months, an increase of nearly 25%. And even though Mr. Fallon was ultimately sentenced under his advisory range, the Supreme Court tells us in Molina-Martinez v. United States that if the advisory range is incorrectly arrived at, the ultimate sentence, even if it falls outside of the advisory range and under the advisory range, the error itself will be sufficient to show a reasonable probability of a different outcome. And that brings me to my next point. Mr. Fallon is not a career offender under United States sentencing guidelines. Specifically, the issue is Mr. Fallon's third offense, a 1959A conspiracy to commit murder in aid of racketeering. At the time, a crime of violence was defined in three different ways. There was a forced clause, an enumerated clause, and a residual clause. The categorical approach and the question really is where does crime of violence, when where does the 1959A fall within the definition of crime of violence under those clauses? This court has already answered that question in United States v. McClellan, where it says that a 1959A offense, if you apply the categorical approach, is not a crime of violence. Because if you look at the elements of a 1959A offense and you compare them to general conspiracy, 1959A criminalizes a broader range of conduct. And specifically, a broader range of conduct because 1959A does not require an overt act. Because 1959A criminalizes a broader range of conduct, it categorically cannot be a crime of violence. And this court later extended that same holding to include all RICO conspiracy offenses. Had the district court applied the categorical approach as it was supposed to, Mr. Fallon would have never been deemed a career offender. Just because the language of what constitutes a crime of violence has since changed, has since been amended to exclude the residual clause, does not render McClellan an opposite. McClellan is clear. The categorical approach applies to 1959A offenses and because it applies, it is categorically not a crime of violence. I'd like to go back to talk a little bit about why specifically United States v. Davis supersedes this court's precedent in Foote. First, Foote, if read broadly, would stand in direct conflict with United States v. Davis telling us that the failure to use the categorical approach implicates an issue of a constitutional dimension. Second, implicit in Foote's holding is a 1974 case, Davis v. United States, easy enough to confuse with 2019 United States v. Davis. But in the 1974 case, Mr. Davis challenges his conviction because the statutory language he was convicted under had since been reinterpreted. At the Supreme Court, the government argues that this is a purely statutory issue and Section 2255 relief is implicated only when there is an issue of a constitutional dimension. This is the test the government argues for and the Supreme Court says that test is too onerous, it's too preclusive of Section 2255 relief and that is how we get the fundamental defect test. So where we are with this is a question of what does Davis do? Davis, at least from my perspective, seems to be dealing with Vegas. But do you contend, as it seems to appear in your brief, that we should apply the categorical approach used to the enumerated approach or the forced clause to the residual clause? Yes, Your Honor, we argue that the categorical approach should be applied to the residual clause and that's what United States v. Davis tells us. United States v. Davis had two parts to it. It had this discussion on constitutional dimension, this discussion on procedural due process, these different approaches that district courts should use when interpreting crime of violence. And then it moved into the definitional discussion about Vegas. There's two parts to it and we're bringing a challenge under the procedural due process aspect of United States v. Davis. So you seem to be operating under the assumption that the residual clause is invalid. Is that really established in Davis? We are not operating under the assumption that the residual clause is invalid. If the residual clause at the time existed and had been applied under the categorical approach, Mr. Fowne would not have been classified as a career offender because 1959A is not a crime of violence under this court's precedent. I'd like to last say that the holding today is not going to rewrite Section 2255 law. It's not going to open the floodgates of litigation. It's going to be limited to a very narrow subset of facts, specifically where you're going to have someone classified as a career offender with a crime of violence definition, with the now non-existent residual approach where the district court failed to apply the categorical approach correctly. As I said, the residual clause has been amended out of the United States Sentencing Guidelines and this court's precedent tells us that 1959A is categorically not a crime of violence. These incidences simply are not going to occur moving forward. I'd like to briefly summarize. Davis qualifies this court's holding in foot and states that the failure to apply the categorical approach constitutes a fundamental defect which entitles Mr. Fowne to Section 2255 relief. This error that existed, this fundamental defect that existed, has resulted in complete miscarriage of justice by Mr. Fowne serving an elongated sentence. Failure to grant Mr. Fowne's requested relief undermines the categorical approach as announced in U.S. v. Davis and the purpose of the United States Sentencing Guidelines. I'd like to reserve the rest of my time for rebuttal. Thank you, Mr. Hogman. Mr. Suey. Thank you, your honors, and may it please the court. I'm going to remove my mask. The district court correctly determined that the appellant was not entitled to vacate or have a sentence pursuant to United States v. Davis. The appellant asserts that his argument is not a vagueness challenge to the advisory guidelines and in the same breath premises the claim on the Supreme Court's holding in Davis, which relied exclusively on the vagueness principles articulated in Johnson to invalidate 924C's residual clause. In Davis, the Supreme Court held that 924C's residual clause presented an inherent miscarriage of justice because its interpretation was dependent on a judge's estimation of the degree of risk posed by a crime's imagined ordinary case. The only way the appellant succeeds here is if a vagueness challenge, like the one first articulated in Johnson and repeated in Davis, applies to the advisory guidelines. Short of the residual clause of 4B1.2a being void for vagueness, the appellant is left with no basis for relief from his career offender sentence. Understanding this, the district court correctly ruled that his claim was foreclosed by Beckles. Now, in Beckles, the Supreme Court held that the due process considerations first promulgated in Johnson and those which guided the Supreme Court to its holding in Davis are inopposite in the guidelines context. And for background, Johnson held that the residual clause of the definition of violent felony in the Armed Career Criminal Act was unconstitutionally vague because it left unclear both how to measure the risk posed by a particular crime and how much risk it takes for any crime to qualify as a violent felony. The court, as a result, invalidated the residual clause of the ACCA because it established enhanced penalties arbitrarily and without fair notice to defendants. But by contrast, the Supreme Court later clarified in Beckles that Johnson's holding did not apply to the career offender advisory guidelines because unlike the ACCA, the advisory guidelines do not fix the permissible range of sentences, but rather merely guide the exercise of the court's discretion in choosing the appropriate sentence. And when the Supreme Court held in Davis that the residual clause of Section 924C was void, it came to its conclusion entirely based on the vagueness grounds initially set forth in Johnson. What about this court's holding in McCullum and Simmons insofar as the conspiracy convictions? I'm sorry. Why would McCullum and Simmons not, at least from this court's perspective, not indicate that the conspiracy convictions here constitute crimes of violence? Yes, so the appellant's argument that he is entitled to relief based on McCullum and Simmons is flawed in the same way because those decisions followed from either the invalidation or the subsequent removal of a residual clause. For example, the Simmons case was decided in 2021, and in that case, this court considered whether an aggravated federal RICO conspiracy offense qualified as a crime of violence under 924C's forced clause. But that consideration only became necessary in light of Davis's invalidation of 924C's residual clause. And likewise, in McCullum, this court considered whether the federal offense of conspiracy to commit murder in aid of bracketeering qualified as an enumerated crime of violence under the current amended version of the career offender guidelines, which contains no residual clause. The posture of the appellant's case is entirely different. He was sentenced pursuant to the 2012 pre-amendment version of Section 4B1.2, which contained a residual clause, and as required by Beckles, he cannot challenge that residual clause on constitutional vagueness grounds. This is precisely why the district court, in this case, determined that Beckles controls here. Because all of the appellant's arguments, whether under Davis or McCullum or Simmons, at their core, they depend on the residual clause of 4B1.2A being void in the first instance. In other words, if Davis does not have the effect of invalidating the career offender residual clause in the first instance, which it clearly does not under the Supreme Court ruling in Beckles, all of the appellant's subclaims involving McCullum and Simmons as well, and the categorical analysis, they must all fail. Now, in disputing the district court's conclusion that Beckles controls, the appellant argues on appeal that Davis' holding applies to all residual clauses, but that is not consistent with Beckles, nor does it comport with the Davis decision itself. First, the Supreme Court already ruled in Beckles that the residual clause of 4B1.2 was immune to the type of due process vagueness claims articulated in Johnson, and that, by extension, applies to Davis, because the advisory guidelines do not fix the permissible range of sentences. Second, Davis dealt with the residual clause of 924C exclusively. Section 924C is punishable by a mandatory consecutive sentence, and thus fixes the permissible range of sentences, unlike the guidelines, which do not. Thus, Davis is entirely consistent with the distinguishing line that was previously drawn between statutory and advisory guideline sentences in Beckles. Now, your colleague on the other side seems to suggest that somehow, which is really, I hadn't gleaned this from the briefs, but I guess this is his argument, that somehow the use of the categorical approach must give him victory here. I had thought the best argument was that he would rely on distinguishing foot, but maybe not. Maybe you can talk to both of those issues. Yes, thank you, Your Honor. So, for there to have been a procedural or substantive error at the initial sentencing in this case, the residual clause of 4B1.2 would have to have been deemed invalid at some point in time, and that has not happened here. And in the absence of a case finding that the residual clause provision of Section 4B1.2a is void, there is no error. More than that, we have the Supreme Court case of Beckles, and that explicitly says the opposite, that the residual clause of 4B1.2a is not void for vagueness. It's interesting that there is something else to be gleaned besides vagueness, that there's some other ground. Did you – you didn't hear that in his argument? I did hear that, Your Honor, and I think I would respond to that by saying that it's an incorrect premise to rely on the fact that the – or to rely on the notion that the sentencing court was required to apply the categorical approach. There was no such requirement here because the appellant does not fall in the category of defendants entitled to Davis relief in the first instance. And because he's not entitled to Davis relief, it follows that the – that his crime of violence designation does not depend exclusively on the elements clause, the force clause. Because – and that's because the residual clause was properly enforced at the initial sentencing. The district court was not tethered solely to the categorical approach at the sentencing in 2012. But there was a residual clause in the sentencing guidelines. Precisely, Your Honor, yes. And this again highlights the fatal flaw in the appellant's overall premise. All of his arguments are dependent on the residual clause of 4B1.2a being void in the first instance, which Beckles already said is wrong. And even aside from Beckles, there are a number of post-Johnson decisions that contradict the appellant's claims. For example, in United States v. Mack, this court explained that following Beckles, the residual clause of the career offender guidelines remains in force and we must now apply Section 4B1.2a with all of its relevant language, including the residual clause. In United States v. Brown, which was a case involving whether the mandatory guidelines were subject to vagueness attacks, this court held that the Supreme Court has yet to recognize a broad right in validating all residual clauses as void for vagueness simply because they exhibit wording similar to the ACCA's residual clause. And in United States v. Rumpf, this court further explained that Johnson dealt only with the residual clause of the ACCA and did not discuss guidelines' residual clauses. And it also noted that Davis, Damiah, and Sims do nothing to undermine the holding previously set forth in the Brown case. Sorry. In one response that it's procedurally waived anyway, in terms of that question, it wasn't raised, was it? The question is, the challenge is to whether or not it was appropriate in terms of categorical approach at the sentencing aspect of it, right? Was that raised properly on the 2255? Is it waived here, that argument? Your Honor, it was not raised properly on 2255. Do we have jurisdiction to hear that argument? I don't think that you can raise the claim, the appellant can raise the claim on 2255. So now I want to sort of briefly move to foot because that's sort of the realm we're in now. Before you do that, you have waived, have you not, the timeliness of the 2255 motion? Your Honor, the district court did not make a determination. Did you raise it? All of the claims, and particularly the McCollum-based claim, was couched under a Davis residual clause claim in the first instance. So the district court was correct to deny based on Beckles because the Davis claim is not viable in the first instance and McCollum is dependent on Davis. And so now I want to move briefly to the court's decision in foot, which the appellant claims was superseded by Davis. Foot held that a later nullified career offender designation failed to constitute a fundamental defect that inherently resulted in a complete miscarriage of justice, as is required for bringing a motion to vacate under 2255. Now, to be clear, the government's position here before the district court and on appeal is that no such error of law even occurred here because the residual clause was valid at the time of the appellant's sentencing. But even if we assume some error, foot's holding is controlling and requires denial. The appellant's erroneous career offender designation claim would fall squarely within foot. And the appellant has no viable basis for his claims that foot was somehow superseded by Davis. Because first, foot involved in an invalid career offender designation and Davis involved the residual clause of section 94C and doesn't address the guidelines at all in its 17-page majority opinion. In that same vein, the defendant in foot was challenging an advisory guidelines calculation while the defendant in Davis was challenging a mandatory consecutive sentence imposed by statute. Put simply, these cases deal with completely different areas of sentencing. There is simply no way Davis has any impact on the ruling in foot. And beyond that, foot itself distinguished cases like Davis when it reasoned that guidelines errors cannot typically be miscarriages of justice because they are not mandatory on sentencing courts. And in an attempt to diminish foot's applicability, the appellant asserts that foot only deals with career offender designations that were later nullified and his case deals with a career offender designation that was always incorrect. But his assertion in that regard, again, incorrectly assumes that there was an error in the first instance based on Davis. And regardless, it defies logic for the appellant to argue that Davis both supersedes foot and is at the same time distinguishable from it. And I would like to also address one of Judge Wynn's questions to the appellant. And Judge Wynn had asked, would conspiracy to commit murder in aid of bracketeering qualify under the residual clause? And the clear answer to that, based on this court's prior decisions, is that it would. The court has held that where the object of a conspiracy offense is a crime against the person, that conspiracy is a dangerous type of crime that creates a serious potential risk of physical injury to another. And prior to Johnson and its progeny, the district courts regularly conducted ordinary case analysis under the residual clause. And Beckles tells us that there is no vagueness issue in doing so in the guidelines context. And the overall lesson afoot is that the court is not permitted to revisit such determinations on 2255. In other words, there is not an issue of constitutional dimension here because Beckles tells us that the advisory guidelines are not subject to attack on vagueness grounds. In other words, the level of certainty that the Constitution requires in identifying violent felonies and crimes of violence in statutory context is not required for the guidelines. But I understood. I hear you on that. But I understood that the argument from the other side was they're not relying on the vagueness on constitutionality. They are relying on some other constitutional right that they glean from Davis. I understand that as well, Your Honor. But there is no other right gleaned from Davis. Davis relied on the principles set forth in Johnson. And Johnson was based on a vagueness claim. And if the court believed that Johnson created some kind of other right, then if the Supreme Court believed this, it had the opportunity to decide so in Beckles. And it did not. It decided the opposite. And so I think that argument has no merit. So the issue in this case, it ultimately comes down to a simple question. Whether the ruling in Davis entitles the appellant to relief from his career offender designation, and it does not. And the Supreme Court told us it does not in Beckles when it held that advisory sentencing guidelines are not subject to vagueness challenges under the due process clause. And that 4B1.2A's residual clause in particular is not void for vagueness. So tell me, it seems the defendant is contending that Davis invalidated the application of the ordinary case categorical approach to the residual clauses. You read Davis like that? I do not, Your Honor. And this court's prior precedent and decisions in United States v. Mack, for instance, tells us that's not the case, as well as the Supreme Court's decision in Beckles. The residual clause prior to amendment of the career offender guidelines is still in full effect and applicable. And the defendant, the appellant was sentenced in 2012, well before amendment 798 of the career offender guidelines, which removed the residual clause, was made and put into effect. I just want to mention one more thing regarding amendment 798. The sentencing commission in subsequently promulgating amendment 798, thereby deleting the residual clause under the current version of the career offender guideline, stated that it was doing it as a matter of policy. And it is the sentencing commission that has the authority to make amendment 798 retroactive if it chooses to do so as a policy judgment. But the sentencing commission did not do so. It did not make the amendment retroactive, which indicates that the commission did not wish to change the way in which the residual clause of the career offender guideline was applied prior to its amendment. And so Beckles ultimately resolves this case. And the district court was correct to deny the appellant's motion to vacate based on that decision. And I see that my time is running short, so if there are no further questions from the panel, I will conclude with that. Thank you, Mr. Suey. Thank you. Mr. Hoggman, you have reserved some time. May it please the court, I have three things I'd like to discuss on rebuttal. First, the government argues that the residual clause in our challenge today is a beggar's challenge. Mr. Fallon's relief does not require finding that the residual clause was void for vagueness. Specifically, that would be a definitional challenge and would be precluded by Beckles. But you are left to rely on Davis to give you the relief you're seeking here, though. And it seems to be where the point is that the footprint of Davis is not big enough to cover what you want us to shoehorn now into this separate constitutional violation, which you say is a fundamental error. So you're right, you don't make the beggar's challenge, but you rely on a case that did rely on that. So how is it expanded to encompass your argument, which I think is a very good argument. But you have to tell us what is the law that would be a basis beyond the footprint of Davis to do so. That's what I'm asking you on this time you have for a vote. The categorical approach has its origins in Taylor versus United States in 1990 case, and this had its origins even before that in common law. It continued to be honed and honed into a finer point, and that's how we get to United States versus Davis, where you have more than just a definitional look at what the residual clause means. You have on page 2325, the court telling us that this is an issue of a constitutional dimension, and that's important language, because that language in 1974 Davis versus United States is the higher bar for a fundamental defect. It's higher than as the chief judge said, it's yes, it's an issue of constitutional dimension because of vagueness. But what else does it say? I just don't read anything in Davis that goes where you want to go. Your Honor, as we have on page 2325, it's an issue of a constitutional dimension. You have the court looking at three different approaches. Before it gets into the definitional challenge, before it looks at vagueness, it's determining what approach district courts have to use, and we have them looking at the case-specific, the ordinary, and the categorical. And the former two did not meet the constitutional demands, procedural demands that we want in our justice system. Also, there are alternative grounds not through Davis. Specifically, Foote deals with a career offender designation that was originally determined correctly and then later changed by law. Why does that make a difference? It makes a difference because Mr. Fallon's sentence was incorrect from the day it was decided. Right, but you could make, I think, an equal argument that it would be inequitable for the other person, the person who was illegal to begin with. I mean, I just don't see anything in Foote that would give us a basis for making that distinction. Well, Foote itself discusses that this was an issue of a later, determined to be error. And Foote has this issue from day one. The failure to use a categorical approach existed in common law and was refined. I don't understand that. And that is where the differentiation, the factual differentiation between Foote relies. Yes, but why does that make a legal difference? It makes a legal difference because otherwise Foote would preclude Mr. Fallon's challenge. Right. And so the fact that it has a large factual difference, the fact that the policy itself arrived at, the policy holdings that you see underpinning Foote are not met here because this is not a later invalidated sentence. This was a sentence that was wrong from day one. My third point, I'd like to address the government's timeliness remarks. The government argues that because Mr. Davis's argument has been refined to a finer point here at the appellate level, that he can raise the argument of timeliness again. In the text of their brief, nowhere is a timeliness argument. Rather, it's relegated to a footnote. And this court's precedent in Wahee v. Charleston Area Medical Center tells us that placing an argument in a footnote constitutes waiver. And the fact that it was relegated to a footnote shows its overall weakness. Additionally, the government wants to argue that Mr. Fallon is raising new arguments on appeal. This court has held the petitions of a pro se petitioner, of which Mr. Fallon was at the district court level, are construed liberally and to be interpreted to raise the strongest arguments they suggest. And Mr. Fallon raised Davis at the district court level. And this court's precedent is U.S. v. Mahew in a 2021 case. I see that I'm out of time. Well, you can finish your thought. Go ahead. Failure to grant Mr. Fallon's requested relief would undermine the categorical approach, and it would leave Mr. Fallon the victim of a complete miscarriage of justice. Thank you. Thank you, Mr. Ogden. And thank you, Mr. Tsui. Mr. Rosenberg and Mr. Ogden, we want to make a special note because you're a court opponent. And our court depends a great deal upon lawyers like yourselves who come here and help us through these thorny issues. And I say you've criticized yourself very well in West Virginia, and I appreciate your being here. And also, Mr. Tsui, thank you for your representation ably of the United States. We would love to come down and reach you as we're in our normal tradition, but we can't under the circumstances. But, no, nonetheless, we appreciate your being here. We wish you well and be safe. Thank you.
judges: Roger L. Gregory, Diana Gribbon Motz, James Andrew Wynn